UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASSIUS RENZO WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-02175-JMS-CSW |
| ) | |
| MANSON, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Cassius Renzo White alleges that Defendant Officer Manson failed to protect him from an attack by other inmates. Dkt. 11. Officer Manson moves for summary judgment, arguing that Mr. White failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [24], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE.**

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A

court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. White failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

The attack at issue in this lawsuit occurred on September 7, 2023. *See* dkt. 11. At that time, Mr. White was incarcerated at Pendleton Correctional Facility ("Pendleton"), a prison within the Indiana Department of Correction ("IDOC"). The IDOC has a standardized grievance process that was in place at the relevant times. Dkt. 25-1 at 1–2; dkt. 25-2. Inmates are told about the process

2

during their orientation at Pendleton, and a copy of the policy is available to inmates at the Pendleton law library. Dkt. 25-1 at 4.

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process, is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies. Dkt. 25-2. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. Dkt. 25-1 at 4. As to the first step, a grievance must be filed no later than 10 business days from the date of the incident giving rise to the complaint. Dkt. 25-2 at 9. The grievance specialist may reject the grievance if it was not submitted within that time limit. *Id.* at 10.

Mr. White submitted two grievances arguably related to the events at issue in this suit. The first, Grievance 162594, was dated September 25, 2023[1], and stamped "received" on September 28, 2023. Dkt. 25-4 at 2. On October 15, 2023, Mr. White tried to submit a grievance appeal because he had not yet received a response. *Id.* at 5. Almost five months later, the appeal was returned to him because the grievance specialist was "unable to associate this appeal with an existing grievance." *Id.* at 4. In the meantime, though, on October 27, 2023, the original grievance was returned to Mr. White unfiled because it was submitted more than 10 business days after the

---

[1] The date box of the grievance also includes a notation of "9-24-2023," that has been crossed out, which the Court understands to mean that the plaintiff changed the date on the grievance from September 24 to September 25. *See* dkt. 25-4 at 2. Even if the grievance was actually completed on September 24, 2023, though, the result is the same because it was still filed more than 10 business days after the event at issue in this case.

event at issue. *Id.* at 1. The second grievance was dated October 20, 2023, and stamped "received" on October 31, 2023. *Id.* at 3.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "Because exhaustion is an affirmative defense," Officer Manson must show that "an administrative remedy was available and that [Mr. White] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Officer Manson has met his burden of proving that Mr. White "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The events at issue in this lawsuit occurred on September 7, 2023. Mr. White had 10 business days—or until September 21, 2023—to file a grievance about them. The undisputed evidence shows that Mr. White was aware of the grievance process and that the only two grievances he filed related to the events at issue in this lawsuit were filed after that date. Further, Mr. White has not responded to Officer Manson's

4

motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Officer Manson.

As a result, Mr. White did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Officer Manson must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons Officer Manson's unopposed motion for summary judgment, dkt. [24], is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 1/27/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CASSIUS RENZO WHITE
860368
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Elijah B. Mollet
Lewis And Wilkins LLP
emollet@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com